IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-43-D

|  |  |  |
|---|---|---|
| WINYAH RIVERS ALLIANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| ACTIVE ENERGY RENEWABLE | ) | |
| POWER, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On March 10, 2021, Winyah Rivers Alliance ("Winyah" or "plaintiff") filed suit against Active Energy Renewable Power, LLC ("Active Energy") and Lumberton Energy Holdings, LLC ("Lumberton Energy") (collectively, "defendants") alleging violations of the Clean Water Act, 33 U.S.C. §§ 1251, et seq. [D.E. 1]. On May 3, 2021, defendants moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and (b)(6) [D.E. 11] and filed a memorandum in support [D.E. 12]. On June 14, 2021, Winyah moved to strike new arguments in defendants' reply brief [D.E. 15] and filed a memorandum in support [D.E. 16]. On January 10, 2022, this court denied without prejudice defendants motion to dismiss and motion to strike [D.E. 19]. On January 24, 2022, defendants answered Winyah's complaint [D.E. 23].

On June 14, 2022, Winyah amended its complaint [D.E. 37]. On June 28, 2022, defendants moved to dismiss the amended complaint for failure to state a claim [D.E. 39] and filed a memorandum in support [D.E. 40]. On June 19, 2022, Winyah responded in opposition [D.E. 41]. On July 29, 2022, defendants replied [D.E. 42]. On September 27, 2022, defendants moved to strike plaintiff's notice of supplemental authority [D.E. 47] and filed a memorandum in support [D.E. 48].

On October 11, 2022, Winyah responded in opposition [D.E. 51]. As explained below, the court denies defendants motion to dismiss and denies defendants motion to strike.

I.

In defendants' motion to dismiss under Rule 12(b)(6), defendants raise essentially the same arguments as in their motion to dismiss the complaint. The only new argument defendants raise relates to Per- and Polyfluorinated Substances ("PFAS") discharges in the second cause of action in Winyah's amended complaint. See [D.E. 40] 20–26.

The court has reviewed the amended complaint and the parties' arguments under the governing standard. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarrantano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In considering the motion, the court construes the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted). Taking the allegations in Winyah's amended complaint and all reasonable inferences drawn therefrom as true, Winyah has plausibly alleged claims for relief under the Clean Water Act. See Twombly, 550 U.S. at 570. Accordingly, the court denies defendants' motion to dismiss under Rule 12(b)(6). Whether the claims will survive defendants' inevitable motion for summary judgment is an issue for another day.

Defendants argue that even if Winyah has alleged plausible claims under the Clean Water Act, numerous defenses preclude Winyah's claims as a matter of law. The court rejects defendants' arguments. As for defendants' argument that the "permit shield" defense in 33 U.S.C. § 1342(k) bars

2

Winyah's claims, see [D.E. 40] 14–27, and defendants' argument that they have immunity under their brownfields agreement, see [D.E. 40] 30–32, the court rejects the arguments for the reasons stated in the court's order denying defendants' motion to dismiss the complaint. See [D.E. 19] 9. If warranted, defendants may raise these arguments at summary judgment.

Next, defendants argue that Burford abstention applies because North Carolina is in the process of developing a coherent policy on PFAS. See [D.E. 40] 27–30; [D.E. 42] 7–8. Burford abstention can apply in environmental actions. See, e.g., Palumbo v. Waste Tech. Indus., 989 F.2d 156, 159–60 (4th Cir. 1993); Sugarloaf Citizens Ass'n v. Montgomery Cnty., 33 F.3d 52, 1994 WL 447442, at *4–7 (4th Cir. 1994) (unpublished table decision); but see Johnson v. 3M, 563 F. Supp. 3d 1253, 1292 (N.D. Ga. 2021) (collecting cases in the Eleventh Circuit holding that Burford abstention was inapplicable to environmental citizen-suits). The Fourth Circuit has applied Burford abstention in environmental actions where a "plaintiff's complaint is nothing more than a collateral attack on a prior permitting decision of the federal EPA." Palumbo, 989 F.2d at 158. Winyah, however, does not attack such a permitting decision. Rather, Winyah raises a traditional citizen-suit enforcement action alleging that defendants are violating a permit. See [D.E. 37] 30–31. When plaintiff's challenge a permit for chemical discharge violations, a citizen-suit in federal court is the proper avenue for relief. See Congaree Riverkeeper, Inc., v. Carolina Water Serv., Inc., 249 F. Supp. 3d 733, 749 (D.S.C. 2017); Sierra Club v. Va. Elec. & Power Co., 145 F. Supp. 3d 601, 605–06 (E.D. Va. 2015); W.Va. Highlands Conservancy v. Monogahela Power Co., No. 1:11cv71, 2012 WL 11122, at *3–4 (N.D. W.Va. Jan. 3, 2012) (unpublished); Ohio Valley Enviro. Coalition, Inc., v. Apogee Coal Co., 531 F. Supp. 2d 747, 758–59 (S.D. W.Va. 2008); Jamison v. Longview Power, LLC, 493 F. Supp. 2d 786, 788–90 (N.D. W.Va. 2007).

3

II.

In sum, the court DENIES WITHOUT PREJUDICE defendants' motion to dismiss the amended complaint [D.E. 39] and DENIES as meritless defendants' motion to strike [D.E. 47].

SO ORDERED. This 29 day of December, 2022.

JAMES C. DEVER III
United States District Judge