IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-43-D

| | |
|---|---|
| WINYAH RIVERS ALLIANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ACTIVE ENERGY RENEWABLE ) | |
| POWER, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

On January 19, 2023, Winyah Rivers Alliance ("Winyah" or "plaintiff") moved to voluntarily dismiss without prejudice the complaint [D.E. 69] and filed a memorandum in support [D.E. 70]. On February 9, 2023, defendants Active Energy Renewable Power, LLC and Lumberton Energy Holdings, LLC (collectively "defendants") responded in opposition [D.E. 73]. On February 22, 2023, Winyah replied [D.E. 74]. As explained below, the court grants Winyah's motion to dismiss and dismisses without prejudice the action.

I.

Winyah moves to voluntarily dismiss without prejudice the complaint pursuant to Federal Rule of Civil Procedure 41(a). A court should "freely . . . allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). A "motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). For purposes of Rule 41(a)(2), "prejudice to the defendant does not result from the prospect of a second lawsuit." Davis, 819 F.2d at 1274. In analyzing Rule 41(a)(2) motions, a district court should

consider "the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation." Howard v. Inova Health Care Servs., 302 F. App'x 166, 179 (4th Cir. 2008) (per curiam) (unpublished) (quotation omitted); see Floyd v. McMahon, No. 5:15-CT-3309, 2019 WL 1387689, at *2 (E.D.N.C. Mar. 27, 2019) (unpublished). The court may also consider whether a motion for summary judgment has been filed or is imminent. See Davis, 819 F.2d at 1274; cf. Skinner v. First Am. Bank of VA, 64 F.3d 659, 1995 WL 507264, at *2 n.2 (4th Cir. 1995) (per curiam) (unpublished).

The court has reviewed the parties' arguments in light of the governing standard. Although the court recognizes that the parties have engaged in written discovery, the discovery period has not yet closed, and the parties have not expended enough time and resources to justify denying Winyah's motion. The court rejects defendants' argument that Winyah unduly delayed in filing its motion or insufficiently explained why voluntary dismissal is appropriate. See [D.E. 73] 13–20. The court also rejects defendants' argument that Winyah or Winyah's counsel brought or maintained this suit in bad faith. See id. at 20–25. Finally, the trial has not been scheduled in this action, discovery has not closed, and there are no pending motions for summary judgment. See [D.E. 68]. In light of these factors, the court finds that granting Winyah's motion to voluntarily dismiss would not constitute unfair or substantial prejudice to defendants.

The court also rejects defendants' request to continue litigation so that defendants can attempt to recover costs and attorney's fees. See [D.E. 73] 25–30. Notably, courts in the Fourth Circuit routinely "have rejected requests for dismissal conditioned upon payment of fees when the movant's grounds are that the defendant was simply pursuing a meritless claim." Lamb v. Liberty Univ., No. 6:21-CV-55, 2023 WL 4400061, at *1 (W.D. Va. July 7, 2023) (unpublished); see, e.g., Rubicon

2

Rsch. Private Ltd. v. Kartha Pharm., Inc., No. 3:21-cv-129, 2022 WL 275748, at *3 (W.D.N.C. Jan 28, 2022) (unpublished). Moreover, defendants face a high burden recovering costs and attorney's fees. See Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n, 434 U.S. 412, 422 (1978); cf. Deerfield Plantation Phase II-B Prop. Owners Ass'n, Inc. v. U.S. Army Corps of Eng'rs, Charleston Dist., 501 F. App'x 268, 275 (4th Cir. 2012) (per curiam) (unpublished). Having reviewed the record and the arguments, defendants have not adequately forecast arguments justifying continuing this action simply so that defendants can seek to recover costs. Accordingly, the court grants Winyah's motion to dismiss without prejudice.

II.

In sum, the court GRANTS plaintiff's motion to dismiss [D.E. 69] and DISMISSES WITHOUT PREJUDICE the action.

SO ORDERED. This 11 day of July, 2023.

JAMES C. DEVER III
United States District Judge